[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant Vincene McKee appeals the decision of the Coshocton County Court of Common Pleas that found him to be a "sexual predator." The following facts give rise to this appeal. On April 25, 1992, appellant entered the home of his eighty-nine-year-old neighbor, Alice Fitzpatrick, by breaking a window. Once inside, appellant threw Fitzpatrick to the floor, removed her clothes from below the waist and attempted to forcibly rape her. While attempting to rape Fitzpatrick, appellant continuously slapped and punched her and threatened to kill her. The incident lasted approximately one hour before appellant fled the crime scene. Fitzpatrick subsequently identified appellant as her attacker and the Coshocton County Grand Jury indicted appellant on May 11, 1992, for one count of attempted rape and one count of aggravated burglary. Appellant entered a guilty plea on August 4, 1992, to the charges contained in the indictment. The trial court sentenced appellant to eight to fifteen years on the count of attempted rape and ten to twenty-five years on the count of aggravated burglary. The trial court ordered the sentences to be served consecutively. On August 30, 1999, following a hearing, the trial court found appellant to be a "sexual predator." It is from this finding appellant appeals and sets forth the following assignments of error for our consideration:
 I. THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. O.R.C. 2950 VIOLATES ARTICLE I, SECTION 1, OF THE OHIO CONSTITUTION.
 I
In his First Assignment of Error, appellant contends the trial court's decision finding him to be a "sexual predator" is against the manifest weight of the evidence. We disagree. In the case of State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In finding appellant to be a "sexual predator" the trial court noted, at the hearing, appellant's criminal record which included the possession or manufacture of a controlled substance, aggravated menacing, and auto theft. Tr. Hrng., Aug. 30, 1999, at 9. The victim was eighty-nine-years-old at the time of the offense. Id. at 10. Relying on information provided at the time of appellant's sentencing, the trial court further found that: Subject [appellant] twisted her arm and severely beat her about the face. The victim also sustained severe back injuries during the ordeal. Subject [appellant] unzipped his pants and exposed his penis, attempting to insert his penis into the victim's vagina. This ordeal lasted for approximately one hour, and the subject [appellant] then urinated on the dining room floor before leaving. Subject left the victim on the floor, and it was several hours before she managed to summon help. In addition, the victim offered, through her input at the time of sentencing, the fact that while she begged him to leave her alone, saying things such as, "Please go home, your mother wouldn't want you to do this to me." His response was to yell at her, "Shut up, I'm going to kill you." She also indicated that, "He kept saying either sock it to me, or suck me, and that I am sure if I would have hit him at this point, he would have hit me harder and killed me." The victim indicated she did not fight him, because of fear that he would only hit her harder. Id. at 12-13.
Based on the above evidence, the trial court found appellant to be, by clear and convincing evidence, a "sexual predator." Id. at 14. Based on our review of the record, we conclude the trial court's decision finding appellant to be a "sexual predator" is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends R.C. Chapter 2950 violates Section 1, Article I of the Ohio Constitution. We disagree. In support of this assignment of error, appellant cites the case of State v. Williams (Feb. 12, 1999), Lake App. No. 97-L-191, unreported. In the Williams case, the Lake County Court of Appeals found that R.C. Chapter 2950 violates Section 1, Article I of the Ohio Constitution because it is an invalid exercise of police power that deprives citizens their inalienable rights. The Ohio Supreme Court recently heard the Williams case on appeal and reversed the decision of the Lake County Court of Appeals finding R.C. Chapter 2950 does not violate Section 1, Article I of the Ohio Constitution. See State v. Williams (2000),88 Ohio St.3d 513. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
 __________________________ Wise, J.
Gwin, P.J., and Farmer, J., concur.